BRY<br>*v.*<br>COOK.

---

## State of Louisiana *v.* W. H. Marion—W. C. Copes, Surety on bail-bond.

Indictments need not describe the court before which they are found, nor the jurors by whom they are found, nor need they aver that the court has jurisdiction of the offence.

The caption to indictments is here uniformly dispensed with.

A mistake in an indictment, as to the parish for which the Grand Jury was empannelod and sworn in, is not a ground upon which to quash.

The State has a right to the presence of a party indicted for a felony, and he has no right to be heard in a motion to quash, while he is absent and a fugitive from justice—his surety on a bail-bond cannot, therefore, be heard on this subject.

APPEAL from the District Court of the Parish of Claiborne, *Egan*, J. *Frank P. Stubbs*, for the State.    *W. C. Copes*, for defendant.    *N. J. Sandlin*, for surety on bail-bond and appellant.

VOORHIES, J.    The appellant, *W. C. Copes*, was the surety on the bail-bond furnished by the accused, *W. H. Marion.*   A motion having been made for the forfeiture of this bond, the latter failing to appear, the former filed an opposition upon several grounds.

I. The prosecution originated in the parish of Claiborne ; but, by mistake, the indictment states that the Grand Jury was empanelled and sworn, in and for the parish of Bossier.  The endorsement is signed by *W. C. Maples*, foreman of the Grand Jury ; and the record informs us that *W. C. Maples* was the foreman of the Grand Jury, at that term of court, in the parish of Claiborne.

It is evident on the face of the papers,—nay, the bond itself states,—that the indictment was preferred by the Grand Jury of the parish of Claiborne.  The indictment, furthermore, is headed : " *The State of Louisiana, 17th Judicial District. The Parish of Claiborne, to-wit :* " . . . .

Be this as it may, indictments need not describe the court before which they are found, nor the jurors by whom they are found ; nor need they aver that the court has jurisdiction of the offence.  *State* v. *Kennedy*, 8 R. 591 ; *State* v. *Peterson*, 2 An. 921 ; *State* v. *Gomer*, 6 An. 311.  In England this was different with regard to the caption, which, though not considered as part of the indictment, was a necessary concomitant.  The caption served to inform the court where the indictment was removed, of the authority of the inferior court to take cognizance of the case.  The necessity of a caption, in England, originated from the peculiar organization of the courts charged with the administration of the criminal

STATE
v.
MARION.

laws. But, inasmuch as a prosecution, in this State, is never removed from one to a higher tribunal, a caption can be of no benefit to an indictment, and is uniformly dispensed with. 1 M. 221, Territory v. McFarlane; 8 R. 513, State v. Nolan; 3 An. 154, State v. Lyons.

II. The next ground of complaint is, that the judgment of forfeiture was not rendered at a jury term of the court. Acts 1855, p. 151, § 58.

The forfeiture was entered up during the session of the adjourned April court, and judgment signed nunc pro tunc at the October court. Both these terms were jury terms. Acts 1857, p. 4.

III. The last ground of objection, insisted upon in the appellant's brief, is the alleged erroneous ruling of the District Judge, in refusing to quash the indictment. This matter is fully disposed of in overruling the first objection, inasmuch as the motion was based upon the error of the indictment in describing the Grand Jury as being of the parish of Bossier. Besides, the State had a right to the presence of the accused, who was indicted for a felony. The accused himself had no right to be heard on his motion to quash, as he was absent, and a fugitive from justice. The present defendant being a surety on the bail-bond, cannot, therefore, be heard on this subject.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.